IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MAR 29 2022

EX PARTE : Eric M. Richardson;
Eric M. Richardson,

vs.

Civil No: _____

Warden : Gibbs
Acting Warden for FCI Fort Dix

## EMERGENCY APPLICATION FOR WRIT OF HABEAS CORPUS RELIEF IN THE PURSUANT OF TITLE 28 U.S.C. § 2241(c)(3).

NOW COMES, Petitioner Eric M. Richardson, in his proper person and in the pursuant of the Federal Title 28 U.S.C. § 2241, subsection (c)(3), by way of his pro'se Motion for Emergency "Writ of Habeas Corpus and Proper relief" in accordingly with the laws and treaties of the United States.

**I.**  **INTRODUCTION**

Procedural Background :

This Petitioner Eric M. Richardson, are in the custody of the Director of the Bureau of Prisons, held at the Federal Correctional Institution Fort Dix in New Jersey, the above mentioned Defendant Acting Warden Gibbs, maintains the control of custody over this Petitioner Eric M. Richardson, and on or about December 21,2018; Congress enacted the First Step Act Pub. L. No. 115-391,132 Stat. 5194 (2018)(codified under Title 18 U.S.C §§ 3631-3635.).

On February 17,2022, Petitioner Richardson, herein, filed a informal complain under BP-8, an administrative remdey that allows inmates to seek informal resolutions to their issues, this administrative proceedings is governing by a time frame of 10 days. He ("Petitioner Richardson") herein, these civil matters, also send a email to the Assistant Warden over "Programs" seeking an resolution of swiftness results on the date of February 23,2022, who still haven't replied to his email, and a email was send to the Warden, on February 14,2022, whibh still has not been replied to Petitioner's issues under title 18 U.S.C. §§ 3631(b), and 3632(a), in accordingly to Congress's First Step Act Pub. L.115-391, 132 Stat. 5194(2018).

On March 1,2022, Petitioner Richardson, after the Housing Unit 5802's unit team ( Counselor, and Case Manager) purposely ignored Richardson's rights under the Administrative Remedies process and time frames, Richardson's contacted the Assistant Warden over the facility operation, only after then did he received a replied from the assigned housing unit's unit team counselor as to his informal complaint under the BOP's BP-8, and on or about March 4,2022, Petitioner Richardson, filed his appeal of the informal result(s), and filed a formal complain of a BP-9, a Administrative Remedy govern by the BOP's BP-229 administrative remedies proceedings.

## II.                                    STATEMENT OF FACTS

1).Does a the First Step Act Pub. L. No. 115-391,132 Stat. 5194 (2018), discriminate against which inmates that successfully completed the Residential Abuse Drug Program's 500 hours component in house that is eligible for immediate relief to supervised release because those inmates pattern score is Medimum, instead of minimum or low under the BOP's Program statement No. 5200.01?

2).   Does the First Step Act Pub. L. No. 115-391,132 Stat. 5194 (2018), or the

2

title 18 United States Code §§ 3621-3635, gives the BOP's authorization to refuse a inmate who successfully completed Recidivism and Productive programs the power or discriminated incentive time credits under the First Step Act herein, question whereas, liberty interests are interferred with ?

3). Does the First Step Act Pub. L. No. 115-391,132 Stat. 5194 (2018), allows BOP or its staff to deny inmates who has successfully completed Recidivism and Productive programs from 2019 thru. 2021, those time credits for disciplinary sanction that under related to those inmate's previous successfulness ?

III.

## STATEMENT OF CASE

On or about April 19,2019, Petitioner Eric M. Richardson, was assignned to FCI-Fort Dix's <u>Residential Abuse Drug Program</u>, the Petitioner Richardson successful completed the in house component 500 hours[1], he was instructed to remain in the in house component's housing unit while attending to do the follow up component and to participate in supervising and guiding the new inmates who was starting the in house component, while Petitioner Richardson was in the FCI-Fort Dix's facility unit 5852 the (RDAP) housing unit for the program's inmates he continued to participate as a facilitator of the program's managing feelings group, while participating in his own treatment in the follow up component, for over 23 mos after he had completed the 500 hours in house component in January 2020 ; and on May 5,2021, Petitioner Richardson, was released to an Residential Re-entry Center, in the state of Maryland's city of Baltimore, in June 2021, Richardson beginned his Transition Drug Abuse Program, at the Royal Minds Program, while attaining employment with the Elite Staff Laborer Inc. where he worked at the Waste Managment Company from June 2021, til August 2021, which had to leave due

3

to health conditions of diabetes, and high blood pressure disorder, which the BOP and the VOA Residential Re-entry Center, failed to provide him with medical care, and treatments, as well as medications for his diabetes and high blood pressure disorder(s), that resulted in Petitioner suffering several blackouts (falls) that ledded to his being dismissed by the above mentioned company, however, Richardson, did continue his participation in the TDAP at the Rolay Minds' facility where he presented his pleading of the BOP's and VOA's staff refusal to provided or allow him medical assistance (care or treatment as well as medications) for his diabetes, however, while suffered with health issues and no medical care he attained employment at ALB enterprises Inc. where he worked detailing MTA buses part-time from August until September 28,2021, while participating in the TDAP at Royal Minds facility, until he was hired at the Home Depot Distributor facility on September 27,2021, however, Richardson's participation in TDAP should end in October 2021, but he was forced by VOA and BOP to continue his participation, Richardson order online a medication that was alleged to treat diabetes and high blood pressure disorders.

The medication had an ingredient called ("delecoco leaf") which Richardson foolishly mistake as harmless, the medicine did helped him, however, when he submited a urine test it give the result of a cocaine user on October 4,2021, Richardson provided his staff representative and the person alleging hisself as a DHO over the disciplary proceedings, Richardson was allowed to continue on his participation in the TDAP, and with employment, later that day when Richardson returned from work a security staff member give him the medication back, two months later on Decemeber 09, 2021, Richardson received an infraction or shot for a dirty urine, a hearing was conducted and again Richardson presented the same alleged DHO with same medicine after more then a month passed he was stop from his reporting to work, and taking in custody is how he end up back at the FCI-Fort Dix facility.

This Petitioner is now being told by the assigned unit team counselor and case managment in the FCI Fort Dix facility's general population housing unit 5802, that althought he participated and successfully completed the four months original time frame of the TDAP component under his contract of participation in RDAP's program component that its not being honored due to so new policy of BOP's never presented to him or agreed to at his(Petitioner) signing of the RDAP's participation contract, and even though he was a participant of TDAP and the successful completed the VOA workshop program where became a certified fork lift operator, maintain employment for more then 8 and the half months he are not entitled to the recidivism and productive time credits to be release to supervised release although the Home Depot General Manager and Human Resourse Representative assured Richardson and his family that as long as he have not received a new offense his employment at the Home Depot Ind. are available for to retrun to work immediately upon his release!

a).

## JURISDICTION

This Court have jurisdiction to entertain and to grant Petitioner Eric Richardson, in accordingly and vested under Title 18 U.S.C. §§ 1331,1343,1357, and 1361, this Court have venue over these matters and civil proceeding under clear authority of Title 18 U.S.C. § 1391.

---

Ft. note 1:

Petitioner Eric Richardson, beginned the Residential Drug Abuse Program at the FCI Fort Dix on April 19, 2019, and successfully completed the in house component in January 2020, he was required by the Drug Abuse coordinator Dr. Rodiguez, to remain in the in house building to facilitate groups among the new inmates of the in house component, as a positive role model and guiding counselor, while continued in his participation under the follow up compenet which he also successfully completed in March 2021, Richardson was transferred immediately after his completed the follow up, to a housing Unit 5803 where inmates was housed for quarantine periods, and released to the VOA Residential Re-entry Center on May 5,2021.

    At the time the Attorney General, and the Bureau of Prisons's Director was constructing the execution of the Evidence Based Recidivism and Productive programming system(s), Petitioner Eric Richardson, herein, was participating in the " <u>Residential Drug Abuse Program</u>'s in house component 500 hours or nine months program, however, due to program re-educational mishaps unforeseeing and not implemented by Richardson, delays was held which extended Richardson's program times frame an additional 30 days... Which caused the 500 hours or nine months originally designed to stand as extended to 560 hours or ten months.

    Nevertheless, upon or under normal design of the Residential Drug Abuse program a inmate who successfully completed the first component " in house" are to be released back into the prison's general population to test his/ her abilities under the coping skills learned in the in house component while attending the follow up component which is the second component sysmatical in the transitional of the inmates of (RDAP), Petitioner Richardson and other inmates was forced to stay in the in house component building and not only participates in their follow up treatment but to bear the burdens and responsibilities of facilitating self-help groups, and to attends in house component dialy morning or afternoons community meetings which resulted in Richardson's participating under the in-house, and follow up components for 23 months under the order of the Residential Drug Abuse Coordinator Dr. Rodiguez, Richardson was removed from the ("RDAP's") housing unit as a result of his projective release date of March 11,2021 he was then send to the prison's general population housing unit 5803, for quarantine requirements before he was to be released in April 2021, to the Volunteer of America Residential Re-entry Center in Baltimore city of the state of Maryland however, even while in the housing unit 5803's quarantine he was required to completed the "second component <u>Follow Up</u> which he successfully completed," the first week of April 2021, the VOA Residential Re-entry Center in April 2021,

6

IV.
## ARGUMENTS

This Court has upheld the language and terms set out by Congress in their enactment of the First Step Act Pub. L. No. 115-391,132 Stat. 5194 (2018): As to the following factors...The First Step Act ("Act") was signed into law on December 21,2018, among other things, the Act directs the Attorney General to develope a risk and needs assessment system " [n]ot later then 210 days after the enactment of this Subchapter," or by July 19,2019, 18 U.S.C. § 3632(a).

After the release of the system, the BOP had 180 days-that is, by January 15,2020 - to implement and complete the initial needs assessment for each prisoner. 18 U.S.C. 3632(h)(1)(A). The record indicates that both of these two deadlines were met. See, Press Release, Department of Justice Announces the Release of 3,100 Inmates the First Step Act Publishes risk and needs Assessment system. https:// www.justice gov/opa/department-justice-announces-enhancements-risk-assessment-system-and- updates-first-step-act; Press Release Department of Justice announces Enhancement to the risk Assessment system and updates of First Step Act Implementation. https: justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act.

Thereafter, the BOP has two years, or until January 15,2022, to phase in programming and provides "evidence based recidivism reduction programs such and program activities for all prisoners..." 18 U.S.C. §3632(h)(2)(A)-(B).

During the phase- in - period," the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." 18 U.S.C. § 3621(h)(3). The Act also provides for a " [p]relimary expansion of evidence-based recidivism reduction programs and authority to use incentives," pursuant to which the BOP " may after to prisoners who successfully participate in such programs and activities...incentives " such as time credits 18 U.S.C. § 3621(h)(4).

7

under went a COVID-19 pandemic, and Richardson could not be released from the Bureau of Prisons's custody until May 5,2021 whereas he would be released in or to the custody of the CCM over the daily operations of the Baltimore city's VOA facility.

Petitioner Richardson, was immediately assigned to participate at the Royal Minds Drug Abuse Inc... to do his Transitional Drug Abuse Program's treatments, in the same month of May 2021. At the time Richardson signed his contract for the participation in ("RDAP") the Transitional Drug Abuse Program's component was only four months requirement, however, the CCM and BOP, decided without noticed to Richardson, or anyone of his knowledge to extend the ("TDAP) period to six months, and even though Richardson did not complain to the CCM or BOP, but continued to participated in the treatment of TDAP at the Royal Minds Drug Abuse facility and by phone, until he was returned back to BOP's custody for unrelated incident that are still unclear to him...nevertheless, there is no relationship or reason for FCI Fort Dix to determined Richardson failed to successfully completed after he had participated in the TDAP's program for over eight months when under the assigned contract period TDAP was only 4 months long, even if the government was to argue that Richardson was to do 6 months TDAP treatment he done eight months.

Richardson also maintain employment while at the VOA, he also in August 2021, participated in the VOA's workshop where he sucessfully completed the Folk Lift operation training or Lift Truck operator's training course... It was through his successfulness in obtianing his Fork Lift Operator's certification that help in his being hired by the Home Depot Distribution Company where he was employed at the time of his return to BOP...The Home Depot's General Manager Paul and Human Resources Representative Jerome has assured Richardson and his family that his employment at the Home Depot would remain available as long as he did not

created an new offense, and that are aware of the improfessionalism and abusism at the VOA facility and the BOP's, but their only concerns was that Richardson does not commit a new offense(s).

## CONCLUSION

WHEREFORE, this Petitioner Eric Richardson, respectfully requests as a matter of law and in relief his immediately release to supervised release in accordingly and with prejudice enlight of the First Step Act Pub. L. No. 115-391, 132 Stat.5194 (2018), Title 18 U.S.C. §§ 3632(h)(2)(A), and 3621(h)(3)-(4).

Date: March 24, 2022

Respectfully Submitted.

Eric M. Richardson
Reg. No.44241-037

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 24 day of March, 2022, a copy of the foregoing Petitioner Eric M. Richardson's, Emergency Application for Writ of Habeas Corpus Relief in the pursuant of Title 28 U.S.C. § 2241(c)(3), was mailed to the following:

Date: March 24, 2022:

Respectfully Submitted.

Eric M. Richardson
Reg. No. 44241-037
FCI Fort Dix
P.O. Box # 2000
Fort Dix, New Jersey 08640

BP-A148.055  
SEP 98  
INMATE REQUEST TO STAFF

U.S. DEPARTMENT OF JUSTICE  
FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) L. N'Diaye | DATE: 02/10/2022 |
|---|---|
| FROM: Eric Richardson | REGISTER NO.: 44241-037 |
| WORK ASSIGNMENT: N/A | UNIT: 5802 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

A hand written copy of this copout was forward to the above person on the above date as to the subject matter herein, "First Step Act of 2018, ("Evidence-Based Recidivism and Productive Programming in accordingly to Title 18 U.S.C. section 3632 subsections (a) through (d), in light of Title 18 U.S.C. section 3621(h) ... I am respectfully are requesting that I be given the fully and complete benefits on my participation and completing in accordingly to the FSA-2018 "Recidivism and Productive programs Credit such would permit my immediate release to "Supervise Release," As of this date and time.

Respectfully Submitted,  
E. R.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate  
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

SECTION 6


Eric

## INMATE REQUEST TO STAFF RESPONSE

This is in response to your request for consideration to be deemed eligible to receive Earned Time Credits pursuant to the First Step Act (FSA) of 2018. Specifically, you contend you should be receive full credit for Evidence Based Programming that you have completed.

The FSA, codified in part in Title 18 U.S.C. § 3632, provides that eligible inmates may earn First Step Act Time Credits (FTC) for successfully participating in and completing approved Evidence-Based Recidivism Reduction (EBRR) programs or Productive Activities (PAs). Eligibility is based on offense history and as required by 18 U.S.C § 3632 (d) (4) (D), an inmate cannot earn FTC if he or she is serving a sentence for a disqualifying offense or has a disqualifying prior conviction.

Records reflect that you are currently listed as a Medium Risk level for Recidivism. According to the Federal Bureau of Prisons, Central Office, Correctional Programs Division, inmates that have Minimum and Low recidivism risk levels, that are within twenty-four months of their projected release date will be reviewed and considered for FTC. However, as reflected Program Statement 5220.01, First Step Act Program Incentives, the FSA provides for additional incentives beyond FTC for inmates who participate in and successfully complete EBRR programs and your conviction does not preclude your eligibility for these incentives.

Based on the above referenced information for consideration to be deemed eligible to receive Earned Time Credits pursuant to the First Step Act (FSA) of 2018 is denied.

The Administrative Remedy Process is available to you if you wish to appeal this decision.

T. Gubbiotti
Acting Warden

Date 3/9/2022